# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-0752V**

| | |
|---|---|
| ROSELYNE OMWEGA,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2026 |

*Alison Haskins, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.*

*Alyssa M. Petroff, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 14, 2024, Roselyne Omwega filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") following an influenza vaccine she received on November 2, 2023. Petition at 1. On January 30, 2026, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 42. On July 14, 2026, I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 52.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed an interim motion for attorney's fees and costs, requesting an award of $19,126.44 (representing $18,436.00 in fees plus $690.44 in costs). The interim fee motion was filed by Petitioner's counsel's former law firm, Downing, Allison and Jorgenson. Petitioner's Motion for Interim Attorneys' Fees and Costs Due to Andrew Downing's Transition to New Position ("interim fee Motion") filed December 24, 2024, ECF No. 19. Additionally, Petitioner filed a final motion for attorney's fees and costs, requesting an award of $31,559.97 (representing $30,849.20 in fees plus $710.77 in costs). The final fee motion was filed by Petitioner's counsel's current law firm, Siri & Glimstad, LLP. Petitioner's Final Motion for Attorneys' Fees and Costs ("final fee Motion") filed July 20, 2026, ECF No. 56. Furthermore, Petitioner did not incur any personal out-of-pocket expenses. ECF Nos. 19 at 1 and 56-4 at 1.

Respondent reacted to the interim fee Motion, deferring to the Chief Special Master to determine whether petitioner has met the legal standard and statutory requirements for an interim fees and costs award and deferring resolution of the amount to be awarded to my discretion. Respondent's response to interim fee Motion at ECF No. 21. Respondent reacted to the final fee Motion stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to final fee Motion at ECF No. 57. On July 23, 2026, Petitioner filed a response requesting that the amount of fees and costs in the interim fee Motion and the final fee Motion be granted. ECF No. 58.

The rates requested for work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner has otherwise provided supporting documentation for all claimed costs. ECF Nos. 19-1 at 12-30 and 56-3 at 22-34. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. Petitioner is awarded attorney's fees and costs in the total amount of $50,686.41 as follows:**

**A lump sum of $31,559.97 (representing $30,849.20 in fees plus $710.77 in costs) to be paid through an ACH deposit to Petitioner's counsel of record, Alison Haskins, at Siri & Glimstad, LLP, IOLTA account for prompt disbursement;** and

**A lump sum of $19,126.44 (representing $18,436.00 in fees plus $690.44 in costs) to be paid through an ACH deposit to Petitioner's former counsel, Andrew Downing, at Downing, Allison & Jorgenson, IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.